UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR A. DAVIS, | No. 2:16-cv-2304 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COLUSA COUNTY COURT SYSTEM, et al., | |
| Respondents.[1] | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

---

[1] Petitioner is advised that the proper respondent in a federal habeas proceeding is the current warden prison in which petitioner is housed. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

1  dismiss a petition for writ of habeas corpus at several stages of a case, including "summary
2  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the
3  answer and petition are considered; or a dismissal after consideration of the pleadings and an
4  expanded record."

5  Petitioner raises various unrelated allegations in his petition, including claims that his
6  attorney committed malpractice, and that he is unlawfully convicted. While not entirely clear, it
7  appears he also alleges that the named defendants failed to follow the law by not providing legal
8  assistance to inmates, and attempts to challenge other conditions of his confinement.

9  First, to the extent petitioner challenges his conviction for failing to register, his claim is
10 premature. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court recognized a "strong
11 federal policy against federal court interference with pending state judicial proceedings absent
12 extraordinary circumstances. The Younger abstention doctrine applies when the following
13 factors are present: "(1) ongoing state judicial proceeding; (2) implication of an important state
14 interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the
15 proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th
16 Cir. 1987). When the Younger doctrine applies, the district court should dismiss the action. Id. at
17 1081. Petitioner concedes that his appeal is pending in state court. (ECF No. 1 at 6.) Review of
18 the state court website confirms that his petition was fully briefed on August 22, 2016, and
19 remains pending. People v. Davis, Case No. C081064 (Ct. App. Cal.).[2] Thus, petitioner's
20 challenge to his conviction are barred by Younger, and should be dismissed without prejudice.

21 Second, petitioner is advised that habeas corpus proceedings are the proper mechanism for
22 a prisoner seeking to challenge the fact or duration of his confinement. See Preiser v. Rodriguez,
23 411 U.S. 475, 484 (1973). Here, petitioner's allegations concerning conditions of confinement do

---

[2] Moreover, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Thus, such allegations are summarily dismissed without prejudice to petitioner's filing a civil rights action.[3]

Finally, plaintiff's claims alleging legal malpractice are unavailing in federal court. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Claims of negligence by an attorney are not based on federal law and are not cognizable under Section 1983. See Franklin v. Oregon, 662 F.2d 1337, 13445 (9th Cir. 1981) (claims of legal malpractice not cognizable in federal court). Accordingly, petitioner's claim that his attorney committed malpractice or was negligent, is not cognizable.

Because this court can discern no manner in which petitioner could cure the defects in the allegations of his petition seeking federal habeas relief, the court recommends that the petition be dismissed without prejudice.[4]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

---

[3] A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 12, 2016

conn2304.dsm.hc

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE